# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | § | |
|---|---|---|
| MELISSA DENT | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-00124-S |
| | § | |
| METHODIST HEALTH SYSTEM, et al. | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses the United States' Motion to Dismiss Count III [ECF No. 36] ("Motion") of Plaintiff Melissa Dent's ("Dent") Complaint [ECF No. 1] ("Complaint"). For the following reasons, the Motion is **GRANTED**.

### I. BACKGROUND

Dent previously resided at the SilverBrook Apartments, owned and operated by FRBH Silverbrook Apartments LLC ("Silverbrook"). Compl. ¶¶ 12-13. Silverbrook undertook eviction proceedings against Dent after a dispute emerged between them. *Id.* ¶ 14. A Tarrant County Court dismissed Silverbrook's eviction petition against Dent. *Id.* ¶ 15.

Dent alleges that Silverbrook, dissatisfied with that outcome, solicited Arlington Police Officers John Doe 1 and John Doe 2 ("Does") and/or Arlington Police Officer Jamon Mathews ("Mathews") to determine how to remove Dent from the apartment complex. *Id.* ¶ 17. Dent further asserts that Silverbrook, Mathews, and Does conspired to arrest Dent on falsified criminal charges by misrepresenting an outdated, resolved arrest warrant as an active one for Dent's arrest. *Id.* ¶¶ 18-19. The Complaint identifies this warrant as Arlington Police Department Warrant No. #08-17330 for Assault with a Deadly Weapon – Family Violence. *Id.* ¶ 20.

According to Dent, Does and/or Mathews called Methodist Police Officers Clark, McCrell, and Maiorano on January 17, 2018, and advised them that an active warrant for Dent's arrest was pending. *Id.* ¶ 23. Dent alleges that Officers Clark, McCrell, and Maiorano then arrested Dent,

and she remained in jail until her family posted bond three days later. *Id.* ¶¶ 23-27. On March 15, 2018, a Tarrant County Grand Jury returned a No Bill vote as to the charges in the warrant for Dent's arrest. *Id.* ¶ 28.

Dent filed the instant lawsuit against all Defendants for federal civil rights violations (Counts I and II), as well as a state-law claim for false arrest (Count III). The United States substituted itself for Mathews as to Count III pursuant to the Westfall Act. *See* Notice of Cert. Pursuant to Westfall Act for Substitution of the U.S. as Def. in Place of Jamon Mathews as to Count III of the Compl. ("Certification") [ECF No. 18]. The United States now moves to dismiss Count III of the Complaint, as alleged against itself, for lack of subject matter jurisdiction.

## II.     LEGAL STANDARDS

Under the Constitution, a federal court may decide only actual cases or controversies. *See* U.S. CONST. art. III, § 2; *see also Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."). A court properly dismisses a case where it lacks the constitutional power to decide it. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks and citation omitted). In considering a motion to dismiss pursuant to Rule 12(b)(1), the court may dismiss on "any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of undisputed facts plus the court's resolution of disputed facts." *Id.* (quoting *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citation omitted)). The party asserting jurisdiction bears the burden of demonstrating that subject matter jurisdiction exists. *Martin v. Am. Midstream Partners, LP*, 386 F. Supp. 3d 733, 738 (E.D. La. 2019).

## III. ANALYSIS

"The Westfall Act grants a federal employee suit immunity . . . when acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Osborn v. Haley*, 549 U.S. 225, 247 (2007) (quoting 28 U.S.C.A. § 2679(d)(1), (2)) (quotation marks omitted). Under the Westfall Act, the Attorney General or his or her designee may certify "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Bolton v. United States*, 946 F.3d 256, 259 (5th Cir. 2019) (quoting § 2679(d)(2)). Upon certification, the suit "shall be deemed to be an action or proceeding brought against the United States" under the Federal Tort Claims Act ("FCTA"). *Id.* (quoting § 2679(d)(2). An FTCA action cannot proceed "unless the claimant shall have first presented the claim to the appropriate Federal agency." *Id.* at 259-260 (quoting 28 U.S.C.A. § 2675(a)).

Certification by the Attorney General or by his or her designees for the purpose of substituting the United States as a defendant is judicially reviewable. *See id.* at 260 (citing *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995)). The plaintiff has the burden of showing "that the defendant's conduct was not within the scope of his or her employment." *Id.* (quoting *Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995)). The plaintiff "must allege, in either the complaint or a subsequent filing, specific facts that, taken as true," would establish that the defendant's conduct was not within the scope of his or her employment. *Id.* (quoting *Jacobs v. Vrobel*, 724 F.3d 217, 220 (D.C. Cir. 2013)).

The Civil Chief for the United States Attorney's Office for the Northern District of Texas certified that Mathews acted within the federal scope of his employment and substituted the United States for Mathews as to Count III of the Complaint. Certification 1. In her response to the Motion, Dent states that at the time she filed her Complaint, she had "no way of discovering Mathews' role as a Special Deputy United States Marshal," and only knew of his role as a police officer with the

Arlington Police Department. *See* Resp. to Mot. to Dismiss 2 [ECF No. 41] ("Resp."). Dent further asserts that her claims against Mathews "are related solely to his duties as an Arlington police officer," but makes no specific factual allegations to support this assertion. *Id.* The Court finds that Dent has not met her burden of demonstrating "that the defendant's conduct was not within the scope of his[] employment." *Bolton*, 946 F.3d at 260 (quoting *Williams v. United States*, 71 F.3d 502, 506 (5th Cir. 1995)).

Count III is an action brought against the United States under the FTCA and cannot proceed "unless the claimant shall have first presented the claim to the appropriate Federal agency." *Id.* at 259-60 (quoting 28 U.S.C.A. § 2675(a)). Dent does not dispute that she has not presented her claim to the appropriate Federal agency. *See generally* Resp. Exhausting administrative review is "a jurisdictional requisite" to filing an action under the FTCA that cannot be waived. *See Dudley v. United States*, Civil Action No. 4:19-cv-317-O, 2020 WL 532338, at *9 (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981) (citations omitted)). The Court therefore finds that Dent has not met her burden of demonstrating that subject matter jurisdiction exists, *see Martin*, 386 F. Supp. 3d 738, and grants the Motion. However, because Dent contends in her Response that she can plead additional facts to support her claim against Mathews, the Court will allow her to replead.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the United States' Motion to Dismiss Count III and **GRANTS** Dent's request for leave to amend. Any amended complaint must be filed no later than January 29, 2021.

**SO ORDERED.**

SIGNED January 8, 2021.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**