# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| MELISSA DENT | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-00124-S |
| | § | |
| METHODIST HEALTH SYSTEM, et al. | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Jamon Mathews's Motion to Dismiss [ECF No. 34] ("Motion") Plaintiff Melissa Dent's ("Dent") Complaint [ECF No.1] ("Complaint"). For the following reasons, the Motion is **GRANTED**.

### I.      BACKGROUND

Dent previously resided at the SilverBrook Apartments, owned and operated by FRBH Silverbrook Apartments LLC ("Silverbrook"). Compl. ¶¶ 12-13. Silverbrook undertook eviction proceedings against Dent after a dispute emerged between them. *Id.* ¶ 14. A Tarrant County Court dismissed Silverbrook's eviction petition against Dent. *Id.* ¶ 15.

Dent alleges that Silverbrook, dissatisfied with that outcome, solicited Arlington Police Officers John Doe 1 and John Doe 2 ("Does") and/or Jamon Mathews ("Mathews") to determine how to remove Dent from the apartment complex. *Id.* ¶ 17. Dent further asserts that Silverbrook, Mathews, and Does conspired to arrest Dent on falsified criminal charges by misrepresenting an outdated, resolved arrest warrant as an active one for Dent's arrest. *Id.* ¶¶ 18-19. The Complaint identifies this warrant as Arlington Police Department Warrant No. #08-17330 for Assault with a Deadly Weapon – Family Violence. *Id.* ¶ 20.

According to Dent, Does and/or Mathews called Methodist Police Officers Clark, McCrell, and Maiorano on January 17, 2018, and advised them that an active warrant for Dent's arrest was

pending. *Id.* ¶ 23. Dent alleges that Officers Clark, McCrell, and Maiorano then arrested Dent, and she remained in jail until her family posted bond three days later. *Id.* ¶¶ 23-27. On March 15, 2018, a Tarrant County Grand Jury returned a No Bill vote as to the charges in the warrant for Dent's arrest. *Id.* ¶ 28.

Dent filed the instant lawsuit against all Defendants for federal civil rights violations (Counts I and II), as well as a state-law claim for false arrest (Count III). Mathews now moves to dismiss the Complaint with respect to him for failure to state a claim.[1]

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations

---

[1] On April 8, 2020, the United States substituted itself for Mathews pursuant to the Westfall Act as to Count III, which alleges a state-law claim for false arrest. Notice of Cert. Pursuant to Westfall Act for Substitution of the U.S. as Def. in Place of Jamon Mathews as to Count III of the Compl. ("Certification") [ECF No. 18]. The Court accordingly construes the Motion as a motion to dismiss Counts I and II only.

omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III.  ANALYSIS

#### A.  *The Court's Consideration of Dent's Arrest Warrant*

In considering a motion to dismiss, a court generally must limit itself to the contents of the pleadings and attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "When a defendant attaches documents to its motion [to dismiss] that are referred to in the complaint and are central to the plaintiff's claims,[] the court can also properly consider those documents." *Covington v. City of Madisonville, Tex.*, 812 F. App'x. 219, 224 (5th Cir. 2020) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). Fifth Circuit precedent suggests that a document is central to a plaintiff's claim if it is "necessary to establish an element of one of the plaintiff's claims." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011); *see, e.g., In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (upholding district court's consideration of separately filed insurance contracts that formed basis of plaintiffs' claims at the motion to dismiss stage); *Collins*, 224 F.3d at 499 (affirming district court's consideration at the motion to dismiss stage of a contract and fairness opinion in order to determine whether plaintiff's were third-party beneficiaries of the contract). On the other hand, if a document is "merely

evidence of the plaintiff's claim," that is not enough to establish centrality to a plaintiff's claim. *Kaye*, 453 B.R. at 662 (discussing *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536-37 (5th Cir. 2003) (reversing district court's consideration of special commission's report on incident out of which plaintiff's claims arose because the plaintiffs "rel[ied] on substantial other evidence to support their claims")).

Dent alleges that Mathews conspired to and did falsely arrest her in violation of the Fourth Amendment. *See* Compl. Counts I & II. Dent alleges that a warrant for her arrest "does not exist" or, if it does exist, that it does not support her arrest. Compl. ¶¶ 19-21. The warrant of arrest for Dent ("Warrant"), which bears the same Warrant No. 08-17330 referred to in the Complaint, was submitted as an exhibit to Mathews's Motion to Dismiss. *See generally* Ex. 2. Where an arrest is made under authority of a valid warrant, the arrest is not false. *See Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir. 1984). The Warrant, and whether or not it supported Dent's arrest, is therefore central to Dent's claims against Mathews.

Federal Rule of Evidence 201 allows a district court to take judicial notice of a "fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A district court may take judicial notice of a fact at the motion-to-dismiss stage of proceedings. *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 589 (5th Cir. 2020). Specifically, the Fifth Circuit has stated that it is "clearly proper" for a district court to take judicial notice of matters of public record in deciding a 12(b)(6) motion. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *see also Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 906 (E.D. La. 2001) (taking judicial notice of arrest warrant

attached to defendant's motion to dismiss plaintiff's section 1983 claim alleging false arrest). Because the Warrant is a public record that was filed in the Tarrant County court and bears the seal and signature of the magistrate judge, *see generally* Ex. 2, the Court takes judicial notice of the Warrant in considering the Motion.

### B. *Dent's Section 1983 and Section 1985 Claims Against Mathews*

#### (1) Probable Cause for Arrest

To state a claim for relief under 42 U.S.C. § 1983, Dent must allege that: (1) "some person has deprived [her] of a federal right[;]" and (2) "that the person who has deprived [her] of that right acted under color of state or territorial law." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (quoting *Gomez v. Toldeo*, 446 U.S. 635, 640 (1980) (quotation marks omitted)). The right to be free from arrest without probable cause is a clearly established federal right. *See Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995). However, where an arrest is made under authority of a valid warrant, the arrest is not illegal and "a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Thomas*, 734 F.2d at 191 (citations omitted). "It is well settled that if facts supporting arrest are placed before an independent intermediary such as a magistrate judge or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating" the arresting officer. *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) (quoting *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (quotation marks and citation omitted)). The arresting officer may be liable for false arrest, however, "if the plaintiff shows that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Id.* (quoting *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988) (quotation marks omitted)).

The **sole** factual basis for Dent's Section 1983 Claim (Count I) and Section 1985 Claim (Count II) is that she was allegedly arrested without probable cause. Specifically, Dent contends that she was arrested without a warrant, or if a warrant did exist, that the warrant was falsified.

5

Compl. ¶¶ 18-21. The Warrant, which was attached to the Motion, bears the exact Warrant Number as the purportedly false arrest warrant alleged in the Complaint and was issued by City of Arlington, Texas Magistrate Judge Vera D. Verhoeven, who found probable cause to arrest Dent for an aggravated assault with a deadly weapon against a family member. *See* Ex. 2 at 1. Detective R. Hyder, a police officer with the Arlington, Texas Police Department, filed the supporting affidavit, which detailed factual assertions regarding the underlying assault. *Id.* Because Dent was arrested pursuant to a valid warrant, the Court finds that Dent's arrest for aggravated assault with a deadly weapon against a family member was not illegal. *See Thomas*, 734 F.2d at 191 (citations omitted).

The Court further finds that Magistrate Judge Verhoeven's independent finding of probable cause in the arrest warrant "breaks the chain of causation" for Dent's false arrest claim. *See McLin*, 866 F.3d at 689 (citation omitted) (if facts supporting an arrest are placed before a magistrate judge, the finding of probable cause "breaks the chain of causation for false arrest" against the arresting officer). Dent has not alleged facts demonstrating that Magistrate Judge Verhoeven's deliberations were tainted by the actions of any defendant. Indeed, Detective R. Hyder is not a defendant in this case. Thus, even when viewing the allegations in the light most favorable to Dent, and drawing all reasonable inferences in her favor, the Court finds that Dent has failed to allege sufficient facts to state a claim for relief under 42 U.S.C. § 1983 against Mathews.

(2) Qualified Immunity

Qualified immunity shields "government officials performing discretionary functions" from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kinney v. Weaver*, 367 F.3d 337, 349 (5th Cir. 2004). When considering a qualified immunity defense in the context of a Rule 12(b)(6) motion to dismiss, the Court must determine whether "the plaintiff's

pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Specifically, a plaintiff must plead specific facts that allow a court to "draw the reasonable inference that the defendant is liable for the harm [the plaintiff] has alleged and that defeat a qualified immunity defense with equal specificity." *Id.*

The qualified immunity inquiry has two prongs. First, the court analyzes whether, taken in the light most favorable to the plaintiff, "the facts alleged show the officer's conduct violated a constitutional right[.]" *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019) (quoting *Trammell v. Fruge*, 868 F.3d 332, 339 (5th Cir. 2017) (internal quotation marks and citations omitted)). The court then determines whether that constitutional right was clearly established. *Id.* (quoting *Trammel*, 868 F.3d at 339). A court may "analyze the prongs in either order or resolve the case on a single prong." *Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020) (citing *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019)).

The Fifth Circuit has held that the Fourth Amendment right to be free from false arrest is clearly established. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 206 (5th Cir. 2009) (stating that right to be "free from false arrest – arrest without probable cause – was clearly established" at the time of plaintiffs' arrests ) (citing *Gerstein v. Pugh*, 420 U.S. 103, 111-12 (1975); *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988)). Whether an officer violated this clearly established right depends upon probable cause. As stated *supra*, the finding of probable cause by an independent intermediary such as a magistrate judge issuing an arrest warrant "breaks the chain of causation for false arrest," and thereby insulates the officer from a finding of constitutional wrongdoing. *McLin*, 866 F.3d at 689 (noting, however, that an officer may still be liable if the plaintiff demonstrates that the deliberations of the intermediary were tainted by the actions of the officer).

Although Dent has a clearly established right to be free from arrest without probable cause, Magistrate Judge Verhoeven's issuance of the warrant "br[oke] the chain of causation for [a] false arrest" by Mathews. *Id.* And because the Complaint does not allege any facts that would allow the Court to draw a reasonable inference that Mathews somehow tainted those deliberations, Dent has not alleged sufficient facts to overcome the defense of qualified immunity. *See Backe*, 691 F.3d at 648 (a plaintiff must plead specific facts that allow a court to draw a reasonable inference that the defendant is liable for the harm alleged). Thus, the Court finds that Dent's claims as to Counts I and II against Mathews, as alleged, fail as a matter of law.[2] The Court notes that Dent seeks leave to plead additional facts in support of her claims under Sections 1983 and 1985. *See* Resp. 8. The Court will allow her to replead those Counts.

---

[2] Although Count II alleges a violation of 42 U.S.C. § 1985, conspiracy to interfere with civil rights, as discussed above, the factual basis underlying Counts I and II are the same: that Defendants falsely arrested Dent without probable cause. Accordingly, Dent's failure to state a claim under Section 1983 applies equally to her Section 1985 claim as well. Regardless, Dent has not alleged sufficient facts showing that Defendants violated Section 1985. *See* 42 U.S.C. § 1985 (prohibiting conduct such as "(1) Preventing [an] officer from performing duties," "(2) Obstructing justice; intimidating [a] party, witness, or juror," and "(3) Depriving persons of rights or privileges"); *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) (noting that "the only conspiracies actionable under 1985(3) are those motivated by racial animus").

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Jamon Mathews's Motion Motion to Dismiss. The Court **GRANTS** Dent's request for leave to amend. Any amended complaint must be filed no later than January 29, 2021.

**SO ORDERED.**

SIGNED January 8, 2021.

                                            **KAREN GREN SCHOLER**
                                            **UNITED STATES DISTRICT JUDGE**