IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELISSA DENT, § | |
|    PLAINTIFF, § | |
| § | |
| v. § | CASE NO. 3:20-CV-124-S-BK |
| § | |
| METHODIST HEALTH SYSTEM, ET AL., § | |
|    DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management. Doc. 59. Now before the Court are *The Methodist Health System Defendants' Motion for Summary Judgment*, Doc. 51, and *Defendant FRBH Silverbrook Apartments, LLC's Motion for Summary Judgment*, Doc. 55. For the reasons stated here, both motions should be **GRANTED**.

**I. BACKGROUND**

For a time, Plaintiff Melissa Dent resided at the Silverbrook Apartments, which are owned and operated by Defendant FRBH Silverbrook Apartments, LLC ("Silverbrook"). Doc. 1 at 4. In late 2017, Silverbrook began eviction proceedings against Plaintiff that were eventually dismissed. Doc. 1 at 4. Plaintiff's claims stem from her belief that a Silverbrook employee's vendetta following the outcome of the eviction proceedings motivated him or her to thereafter conspire with police officers to have Plaintiff arrested. Doc. 1 at 5; Doc. 57-2 (Plaintiff Depo.) at 15. Specifically, Plaintiff avers the Silverbrook employee and unidentified police officers conspired to arrest her on falsified criminal charges by misrepresenting an outdated, resolved arrest warrant as active. Doc. 1 at 5. Plaintiff identifies the allegedly outdated warrant as

Arlington Police Department Warrant No. 08-17-330 for Assault with a Deadly Weapon—Family Violence. Doc. 1 at 5. Plaintiff alleges Silverbrook solicited the help of Defendants Clark, McCrell, and Maiorano, Methodist Health System's ("MHS") police officers (collectively, "the MHS Officers"), to execute the warrant while Plaintiff was at work at Methodist Dallas Medical Center. Doc. 1 at 4-5. Plaintiff contends her arrest resulted in a three-day jail stay and an eventual "No Bill" vote from a grand jury on the warrant's charge. Doc. 1 at 6.

Plaintiff, who was initially represented by counsel, filed the instant suit for federal civil rights violations—Count I for a Fourth Amendment violation, Count II for conspiracy to violate her constitutional rights, and Count III for false arrest under state law. Doc. 1 at 6-9. In due course, Defendants filed the instant motions for summary judgment. Despite the a court order directing Plaintiff, now *pro se,* to respond if she opposed the motions, Doc. 60, she failed to do so.

## II. APPLICABLE LAW

If a party does not file a response to a summary judgment motion, the court is not permitted to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The court is, however, permitted to accept the movant's facts as undisputed when no opposition is filed. *Id.* A non-movant who does not respond to a motion for summary judgment is relegated to her unsworn pleadings, which do not constitute competent summary judgment evidence. *Ass'n of Taxicab Operators, USA v. Yellow Checker Cab Co. of Dallas/Fort Worth, Inc.*, 910 F. Supp. 2d 971, 975 (N.D. Tex. 2012) (citing *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445 (5th Cir. 1996)); *see also Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991) (stating the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment). Plaintiff's pleadings are not verified and,

therefore, she has presented no competent summary judgment evidence. Accordingly, the Court accepts Defendants' evidence and facts as undisputed.

A court should grant summary judgment when the record shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587 (quotation omitted).

### III. THE UNDISPUTED FACTS

In support of their motions for summary judgment, Defendants have collectively submitted numerous exhibits, including (1) affidavits, Doc. 53 at 23-30, 50-54; (2) copies of the MHS Officers' documentation, Doc. 53 at 39-49; (3) the warrant for Plaintiff's arrest, Doc. 53 at 56-58, Doc. 57-1 at 2-4; (4) the arrest report, Doc. 53 at 59-63; (5) two body camera videos, Doc. 53 at 64-65; and (6) excerpts from Plaintiff's deposition, Doc. 57-2 at 2-43. Defendant's uncontroverted exhibits demonstrate the following: The arrest warrant at issue stems from

charges that Plaintiff assaulted her ex-fiancé by allegedly grabbing his neck while displaying a knife, threatening to kill him, and striking him with a vehicle. Doc. 53 at 57; Doc. 57-2 at 11. Detective R. Hyder, an Arlington Police Department Officer, provided the details of the assault to a municipal judge who found probable cause existed to issue the warrant for Plaintiff's arrest at issue here. Doc. 53 at 56.

MHS's police officers' duties include the execution of arrest warrants issued in Texas. Doc. 53 at 27 (MHS Chief of Police's Affidavit); Doc. 53 at 33 (Methodist Hospitals of Dallas Board of Directors' Meeting Minutes); Doc. 53 at 37 (Resolution establishing Methodist Medical Center Police Department). When the MHS Officers—all licensed MHS police officers—arrested Plaintiff at the MHS Medical Complex, they "were performing their assigned duties . . . as peace officers acting within the course and scope of their employment with MHS PD." Doc. 53 at 29. Before arresting Plaintiff, Officer Maiorano confirmed Tarrant County held an active warrant for Plaintiff's arrest, reviewed the warrant, and determined it was facially valid. Doc. 53 at 51-52.

In her deposition, Plaintiff admitted she has no evidence of a conspiratorial plot between Defendants. Doc. 57-2 at 15.

### IV. ANALYSIS

Plaintiff has asserted three causes of action[1] against Defendants: (1) violation of the Fourth Amendment for unlawful seizure under 42 U.S.C. § 1983; (2) conspiracy to violate her constitutional rights under 42 U.S.C. § 1985; and (3) false arrest under Texas state law. Doc. 1 at 6-9.

---

[1] The Court has already dismissed Plaintiff's first two causes of action against Defendant Jamon Mathews, a special deputy U.S. Marshal. Doc. 36; Doc. 49 at 5-8 & n.2.

**1. Silverbrook is entitled to summary judgment.**

Plaintiff claims Silverbrook is liable under a *respondeat superior* theory for the actions of the still-unidentified John Doe employee who allegedly conspired with two John Doe police officers to have Plaintiff falsely arrested. Doc. 1 at 6-8. Plaintiff has failed, however, to present any evidence that Silverbrook or its employees[2] were involved in Plaintiff's arrest—indeed, Silverbrook expressly rejects Plaintiff's conspiracy theory. Doc. 55 at 3; Doc. 57-2 at 13 (Plaintiff's Deposition) (providing Silverbrook filed two eviction proceedings against Plaintiff for failure to pay rent—the first, the court dismissed for insufficient proof and the second, Silverbrook voluntarily dismissed).

For a private entity to be held liable under section 1983, the plaintiff must show (1) the private and public defendants agreed to act illegally and (2) a deprivation of constitutional rights. *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004). To prove a section 1985 conspiracy, a plaintiff must show (1) class-based discriminatory animus and (2) interference with a right protected against both private and official encroachment. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993). Finally, false arrest under Texas law requires there have been "(1) willful detention of the plaintiff; (2) without her consent; and (3) without authority of law." *Cantu v. Botello*, 910 S.W.2d 65, 66 (Tex. App.—Corpus Christi–Edinburg 1995, no writ).

As stated previously, Plaintiff admitted during her deposition that she has no evidence of

---

[2] Plaintiff includes in this suit a John Doe Silverbrook employee who remains unidentified. Doc. 1 at 1, 6-9. For the same reasons the Court dismisses Plaintiff's claims against Silverbrook, it must also dismiss Plaintiff's claims against the Silverbrook John Doe. Plaintiff has not provided the Court with competent summary judgment evidence of any John Doe Silverbrook employee who engaged in a conspiracy with state police officers. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *see Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

an alleged conspiracy between Silverbrook and the Methodist Defendants. Doc. 57-2 at 15. And to reiterate, Plaintiff's conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation regarding the existence of a conspiracy between Silverbrook and state police officers are not competent summary judgment evidence, and thus are insufficient to defeat Silverbrook's motion for summary judgment on any of Plaintiff's claims. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *see Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

**2. MHS and the MHS Officers are entitled to summary judgment.**

   *a. Plaintiff's claims against the MHS Officers cannot survive summary judgment.*

The sole basis for Plaintiff's claims is that she was allegedly arrested without probable cause. *See* Doc. 49 at 5. Specifically, Plaintiff contends she was arrested without a warrant, or if a warrant did exist, it was falsified. Doc. 1 at 5-9. This Court has already concluded, however, that the warrant was valid. Doc. 49 at 6. It bears the exact warrant number as the allegedly false arrest warrant and was issued by a municipal judge who found probable cause to arrest Plaintiff for aggravated assault with a deadly weapon against a family member. Doc. 49 at 6; Doc. 53 at 56-58; Doc. 57-1 at 2-4. It was also supported by Detective R. Hyder's affidavit, which detailed factual assertions regarding the assault. Doc. 49 at 6; Doc. 53 at 56-58; Doc. 57-1 at 2-4. Further, Plaintiff's former counsel moved to withdraw after obtaining the warrant and noting its validity, which led them to develop "considerable doubts about the continued viability of Plaintiff's claim." Doc. 45 at 2. Because Plaintiff was arrested pursuant to a valid warrant, she was not illegally arrested in violation of her constitutional rights. *See Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir. 1984) (providing an arrest made under authority of a valid warrant is not illegal) (citations omitted).

### *b. The MHS Officers are entitled to summary judgment based on qualified immunity.*

Qualified immunity shields "government officials performing discretionary functions" from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[3] *Kinney v. Weaver*, 367 F.3d 337, 349 (5th Cir. 2004). When a plaintiff fails to respond to a motion for summary judgment raising qualified immunity or fails to point the court to any evidence creating a fact issue as to qualified immunity, the moving party, who met its burden to raise the defense in good faith, is entitled to qualified immunity as a matter of law. *Gates v. Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 419 (5th Cir. 2008)). Still, the Court will examine the undisputed facts to confirm Defendants' entitlement to qualified immunity.

The qualified immunity inquiry has two prongs. First, the court analyzes whether, in the light most favorable to the plaintiff, "the facts alleged show the officer's conduct violated a constitutional right." *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019) (quoting *Trammel v. Fruge*, 868 F.3d 332, 339 (5th Cir. 2017) (internal quotations and citations omitted)). The court then determines whether that constitutional right was clearly established. *Id.* (quoting *Trammel*, 868 F.3d at 339). A court may "analyze the prongs in either order or resolve the case on a single prong." *Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020) (citation omitted). The MHS Officers' qualified immunity defense is analyzed below in relation to Plaintiff's claims under section 1983 and for false arrest under Texas law.[4]

---

[3] Methodist Police Officers are licensed by the Texas Commission of Law Enforcement Officer Standards and Education as peace officers. Doc. 53 at 37.

[4] An employer, here MHS, and its employees, here the MHS Officers, cannot constitute "two or more persons" and thus cannot conspire as required to prove a section 1985 claim. *See Market v. Extended Stay Am.*, No. 3:15-CV-4065-G, 2016 WL 2914994 (N.D. Tex. May 19, 2016) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)). Because the Court established *supra*

### i.      42 U.S.C. § 1983

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) "some person has deprived [her] of a federal right"; and (2) "that the person who has deprived [her] of that right acted under color of state or territorial law." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (quoting *Gomez v. Tolede*, 446 U.S. 635, 640 (1980) (quotation marks omitted)). The Fourth Amendment right to be free from arrest without probable cause is a clearly established federal right. *See Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995). However, "[i]t is well settled that if facts supporting arrest are placed before an independent intermediary such as a magistrate judge or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating" the arresting officer. *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) (quoting *Deville v. Mercantel*, 567 F.3d 156, 170 (5th Cir. 2009) (quotation marks and citation omitted)). The arresting officer may be liable for a Fourth Amendment violation "if the plaintiff shows that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Id.* (quoting *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988)) (quotation marks omitted). As the Court has concluded, the officers arrested Plaintiff based on a valid warrant—thus, the arrest was constitutional. Doc. 49 at 6; *Thomas*, 734 F.2d at 190-191. Further, the municipal judge's untainted, independent finding of probable cause "breaks the chain of causation" for Plaintiff's Fourth Amendment claim. *See McLin*, 866 F.3d at 689 (citation omitted). There is no evidence of disputed fact to survive Defendant's summary judgment motion on this claim.

### ii.      False Arrest

---

that there is insufficient summary judgment evidence to demonstrate Silverbrook engaged in a conspiracy, and because MHS and its employees cannot legally conspire together, Plaintiff's claim under section 1985 fails to survive Defendants' motion for summary judgment.

In Texas, to establish false arrest, a plaintiff must show "(1) willful detention, (2) without consent, and (3) without authority of law." *Smith v. City of Dallas Police Dep't*, No. 3:18-CV-1217-N-BH, 2020 WL 4341129, at *5 (N.D. Tex. May 20, 2020) (Ramirez, J.), *report and recommendation adopted*, 2020 WL 4339164 (N.D. Tex. July 27, 2020) (citing *Gladden v. Roach*, 864 F.2d 1196, 1201 (5th Cir. 1989), *cert denied*, 491 U.S. 907 (1989)). "[T]he plaintiff must show that the arresting officers did not have probable cause to arrest [her]." *Evans v. City of Meridian, Miss.*, 630 Fed. App'x 312, 315 (5h Cir. 2015) (per curiam) (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); citing *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The 'constitutional torts' of false arrest . . . and false imprisonment . . . require a showing of no probable cause.")). Absent a basis for reasonable inference that there was neither probable cause nor an adequate legal justification for her arrest, Plaintiff's failure to show determination was "tainted" means she has not alleged a plausible claim of false arrest. *McGee v. Baylor Univ. Med. Ctr.*, No. 3:17-cv-438-M-BN, 2017 WL 4325790, at *5 (N.D. Tex. Aug. 28, 2017) (citation omitted). As stated *supra*, an independent intermediary—*i.e.*, a municipal judge—finding probable cause and issuing an arrest warrant "breaks the chain of causation for false arrest," and thereby insulates the officer from a finding of constitutional wrongdoing. *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017).

Although Plaintiff has a clearly established right to be free from arrest without probable cause, the municipal judge's issuance of the warrant broke the false arrest chain of causation and there is no evidence that issue was tainted. *Id.* Thus, Plaintiff has not alleged sufficient facts to overcome Defendants' qualified immunity.[5]

---

[5] Plaintiff's claims against two John Doe Arlington Police Officers, who remain unidentified and unserved, nevertheless fail—as any such officers would be entitled to qualified immunity to

   c. *MHS is not liable under a* **respondeat superior** *theory.*

Plaintiff alleges MHS is liable for the MHS Officers' actions under a *respondeat superior* theory. Doc. 1 at 6-8. Supervisory entities, however, cannot be held liable under section 1983[6] for the actions of their employees. *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Rather, Plaintiff must show that MHS itself denied Plaintiff her constitutional rights. *Id.* And finally, because Plaintiff's claim for false arrest fails to survive summary judgment, demonstrated *supra*, there can be no *respondeat superior* liability. *Goodarzi v. Hartzog*, No. CIV.A. H-12-2870, 2014 WL 722109 (S.D. Tex. Feb. 21, 2014) (holding that once an employee's primary liability no longer exists, neither does the employer's derivative liability) (citing *Knutson v. Morton Foods, Inc.*, 580 S.W.2d 876, 877 (Tex. Civ. App.—Texarkana 1979), *aff'd*, 603 S.W.2d 805 (Tex. 1980)).

## V. CONCLUSION

For the reasons stated above, *The Methodist Health System Defendants' Motion for Summary Judgment*, Doc. 51, and *Defendant FRBH Silverbrook, LLC's Motion for Summary Judgment*, Doc. 55, should be **GRANTED**, and this case should be **DISMISSED WITH PREJUDICE** as against all remaining Defendants. Upon acceptance of this recommendation,

---

the same extent as the MHS Officers are. Plaintiff's arrest was constitutional because it was based on a valid warrant. Doc. 49 at 6; *Thomas*, 734 F.2d at 190-191. The municipal judge's untainted, independent finding of probable cause "breaks the chain of causation" for Plaintiff's claims. *See McLin*, 866 F.3d at 689 (citation omitted). And Plaintiff did not provide the Court with competent summary judgment evidence of any John Doe Arlington Police Officer. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *see Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).
[6] This applies with equal force to section 1985 as another civil rights cause of action. *Green v. Tilley*, No. 2:04 CV 0819, 2006 WL 220847, at *3 (W.D. La. Jan. 23, 2006) (citations omitted).

the Clerk of the Court should be directed to close this case.

**SO RECOMMENDED** on January 7, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).